IMELDA BENNETT, Plaintiff-Appellant, v. STUART I. GORDON *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—94—4146

Opinion filed June 27, 1996.—Rehearing denied August 2, 1996.

James R. Figliulo and Daniel D. Kasten, both of Foran & Schultz, of Chicago, for appellant.

Michael S. Loeffler, Andrew S. Nadolna, Julie L. Trester, and Michael Resis, all of Querrey & Harrow, of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Imelda Bennett, appeals the dismissal of her legal malpractice action against defendants. The trial court found that the doctrine of *res judicata* barred plaintiff's claims. We affirm in part and reverse in part.

Defendants' attorneys represented plaintiff in a divorce action against her husband, William Bennett (Bennett). In May of 1991, plaintiff entered into a settlement agreement with her husband. On November 15, 1991, defendants filed a petition for attorney fees, costs and expenses (fee petition) pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act). See Ill. Rev. Stat. 1991, ch. 40, par. 508.

In her answer to defendants' fee petition, plaintiff raised a number of affirmative defenses against defendants. Plaintiff's defenses can be divided into two categories. The first category consisted of plaintiff's claims that certain fees charged by defendants were inappropriate. For example, plaintiff claimed that defendants were not entitled to fees for work performed prior to the signing of the retainer agreement; defendants charged her for services which she did not authorize; defendants charged her for telephone calls made to plaintiff's sister; and defendants billed plaintiff for telephone conferences despite their promise not to bill for such calls.

The second category of defenses consisted of plaintiff's claims that defendants' representation was inadequate. For example, plaintiff alleged that defendants conducted inadequate discovery by neglecting to obtain appraisals and accountings of Bennett's assets and by failing to obtain body attachments to force Bennett to comply with certain court orders.

Next, plaintiff alleged that defendants improperly permitted Bennett to transfer marital real property and failed to get an accounting of the transfer. Defendants then allowed liens to attach to the improperly transferred marital property, but failed to protect plaintiff's interests from such liens.

In addition, defendants did not seek to have attorney fees imposed upon Bennett. Plaintiff complained that the settlement agreement was inadequate, as it depended upon Bennett's cooperation. Finally, plaintiff alleged that defendants failed to prepare documents transferring the real property, stocks and pension awarded to plaintiff in the settlement at the time judgment was entered.

After a hearing on the fee petition, the divorce court reduced defendants' request for fees by $10,000. Prior to the divorce court's final ruling on the fee petition, however, plaintiff filed an action against defendants in the Cook County circuit court law division.

Plaintiff claimed that defendants had committed legal malpractice while representing her during the divorce proceedings.

While more fully developed, plaintiff's first amended complaint virtually mirrors the allegations in the second category of her affirmative defenses to the fee petition. For example, plaintiff alleged that defendants failed to accurately assess Bennett's assets by neglecting to subpoena or depose witnesses critical to determining his assets and purchases; by failing to obtain cash bond refunds as a means of determining Bennett's income; by failing to order appraisals of marital property; and by neglecting to conduct proper title, lien and mortgage searches. In addition, plaintiff claimed that defendants negligently structured the settlement because it relied upon Bennett's mere promise to comply with its terms.

Next, the first amended complaint alleged that defendants failed to prevent Bennett from transferring and encumbering marital property during the proceedings. Defendants counseled plaintiff to accept marital property which was potentially subject to liens. As a result of Bennett's activities, the property did in fact become subject to various debts and an Internal Revenue Service lien. Plaintiff alleged that defendants failed to protect plaintiff's interests from such encumbrances.

In addition, defendants counseled plaintiff to accept the settlement agreement even though Bennett would not agree to pay attorney fees. Plaintiff's amended complaint alleged that the settlement was inadequate as it depended upon Bennett's cooperation. While plaintiff's alimony and child support were secured with Bennett's share of the marital property, plaintiff alleged that Bennett held only a 50% interest in that property because of the liens and encumbrances. Finally, plaintiff alleged that defendants failed to complete the necessary paperwork to effect an immediate transfer to plaintiff of Bennett's interest in the marital properties, a policeman's fund, and stocks.

Plaintiff's complaint also raised an argument not found in her defenses to the fee petition. Upon Bennett's motion, the court later modified the divorce decree to exempt Bennett from paying tuition for the 1990-91 school year. Defendants, however, consented to the entry of an order drafted by Bennett's attorney that released Bennett from *any* future tuition obligations.

The circuit court granted defendants' motion to dismiss, finding that the doctrine of *res judicata* barred plaintiff from litigating claims that could have been raised during the fee petition hearing. Plaintiff appealed. On appeal, plaintiff argues that *res judicata* should not bar her action because: (1) section 508 hearings and malpractice actions

implicate different legal and factual issues; (2) it was inconvenient or strategically inadvisable for plaintiff to assert her malpractice claim in the section 508 proceeding; and (3) because of the unique nature of a section 508 proceeding, *res judicata* should not apply to plaintiff's malpractice action.

Defendants argue that the trial court's finding of *res judicata* should be affirmed. In addition, defendants claim that because plaintiff possesses viable causes of action against her ex-husband for all the relief she seeks, her malpractice action is premature. We find that plaintiff's claims are not premature. Defendants argue that plaintiff cannot bring this action because damages cannot be determined until she exhausts her remedies against Bennett. Plaintiff's damages, defendants argue, arise from Bennett's unlawful refusal to comply with the settlement agreement. Defendants contend that in bringing this action, plaintiff essentially is attempting to shift marital obligations from Bennett to defendants.

■ We disagree. First, plaintiff's action is not premature simply because the amount of her damages is not ascertainable from the complaint. Plaintiff is entitled to develop these facts at trial. See generally *McCarthy v. Pedersen & Houpt*, 250 Ill. App. 3d 166, 621 N.E.2d 97 (1993). Additionally, the fact that the divorce court can enforce the settlement agreement against Bennett does not relieve the defendants from their alleged breach stemming from their inadequate representation and the disadvantageous settlement. Therefore, we reject defendants' argument that plaintiff's cause of action is premature.

■ We now address whether plaintiff's cause of action is barred by the doctrine of *res judicata*. *Res judicata* applies when there is: (1) a final judgment rendered by a court of competent jurisdiction; (2) an identity of parties; and (3) an identity of causes of action. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 602 N.E.2d 820 (1992). Where these elements are present, *res judicata* applies to every issue decided and every other issue that might have been raised and adjudicated. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225 (1993).

It is apparent, and neither of the parties disputes, that the first two elements of *res judicata* have been satisfied. Rather, plaintiff contends that there is not an identity of causes of action as to her affirmative defenses to the fee petition and her malpractice action. Plaintiff first argues that this third element of *res judicata* cannot be satisfied because the section 508 proceeding and her malpractice action implicate different legal standards and factual issues.

■ "The proper test to determine identity of causes of action for

*res judicata* purposes is whether actions are based upon a common core of operative facts." *Horton v. Caterpillar, Inc.*, 260 Ill. App. 3d 150, 153, 632 N.E.2d 1061, 1063 (1994). A plaintiff may plead more than one theory of recovery arising from a single group of facts. However, these multiple theories of relief constitute but a single cause of action for purposes of *res judicata*. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225 (1993). "If the same facts are essential to maintain both proceedings or the same evidence is necessary to sustain the two, there is identity between the causes of action asserted, and *res judicata* bars the latter one." *Torcasso*, 157 Ill. 2d at 491, 626 N.E.2d at 228.

In *Torcasso*, the defendants claimed that *res judicata* required the plaintiff to raise his contract fraud claim in their previous action against plaintiff for breach of contract. The supreme court disagreed. The court found:

"The pleadings *** suggest no inherent nexus between Torcasso's allegation in his affirmative defense in the prior suit that the contract had been terminated by mutual agreement of the parties on or about October 15, 1984, and his allegations in his amended complaint in the present suit concerning the defendants' fraudulent misrepresentation and breach of contract." *Torcasso*, 157 Ill. 2d at 492, 626 N.E.2d at 229.

The court ruled that while the evidence in both actions overlapped, the evidence needed to sustain the fraud action would not have controlled the outcome of the contract action. *Torcasso*, 157 Ill. 2d at 493, 626 N.E.2d at 229. Therefore, *res judicata* would not apply.

■ We find that there is a nexus between plaintiff's defense to the fee petition and her malpractice action. It is apparent from a review of the record that plaintiff raised substantially the same issues in her defense to the fee petition as she raised in her first amended complaint. For example, in plaintiff's defense to the fee petition, plaintiff alleged that defendants conducted inadequate discovery in failing to obtain appraisals and accountings of all of Bennett's assets. In her malpractice action, plaintiff alleges that defendants failed to contact critical witnesses necessary to ascertain the value of Bennett's holdings. Similarly, in her defense to the fee petition, plaintiff alleged that defendants failed to execute the paperwork necessary to transfer stocks, property and a pension to her. In her amended complaint, plaintiff alleged that defendants failed to execute the documents necessary to effectuate an immediate transfer of marital property and the policeman's fund pension to plaintiff upon entry of judgment.

While plaintiff's malpractice claims are more fully developed, both sets of allegations arise from the same core of facts. Unlike *Tor-*

*casso*, the resolution of plaintiff's cause of action involves an examination of the same facts and issues raised in defense to the fee petition. Recovery under these facts constitutes but a single cause of action.

We note, however, that plaintiff has raised one claim in her malpractice action that was not raised in her defense to the fee petition. Specifically, plaintiff claims in paragraphs 25 and 26 of her amended complaint that defendants agreed to the entry of an order drafted by Bennett's attorney releasing Bennett from all future tuition obligations even though the court only released Bennett from tuition obligations for one year. Unlike plaintiff's other allegations, this allegation refers to the defendants' conduct after the entry of the divorce judgment. Because it arose from a different set of facts, the doctrine of *res judicata* will not bar paragraphs 25 and 26 of plaintiff's amended complaint. Plaintiff's remaining claims, however, are barred by *res judicata*.

■ Next, plaintiff correctly notes that there are no compulsory counterclaims in Illinois. See 735 ILCS 5/2—608, 2—614 (West 1992). As such, plaintiff was not required to raise her malpractice claim by way of a counterclaim if it would have been inconvenient or strategically inadvisable to do so. *Keith v. B&B Builders Supply, Inc.*, 101 Ill. App. 3d 1123, 428 N.E.2d 1194 (1981).

However, in asserting her defense, plaintiff voluntarily introduced her second category of defenses which arose from the same group of facts as her malpractice action. Because all of the elements of *res judicata* have been satisfied, the doctrine of *res judicata* bars plaintiff's malpractice action.

■ Finally, plaintiff argues that because of the unique nature of a section 508 proceeding, it would be inappropriate to apply *res judicata* to common law actions containing issues originally raised in the section 508 proceeding. Specifically, plaintiff contends that the trial court's ruling that *res judicata* should apply strikes an improper balance between considerations of judicial economy and the need to preserve the rights of clients injured by their attorney's malpractice. A review of the nature of a section 508 proceeding reveals no basis for exempting the section 508 proceeding from the application of *res judicata*.

Prior to the enactment of section 508, section 15 of the former divorce act permitted one spouse to obtain attorney fees from the other spouse. See Ill. Rev. Stat. 1975, ch. 40, par. 16. However, because a divorce court was a court of limited jurisdiction, section 15 did not allow an attorney to file a claim for fees against his own client. See *In re Petition of Neiman*, 8 Ill. App. 3d 454, 289 N.E.2d 715 (1972).

The 1970 Constitution abolished the difference between law and equity. See *Seniuta v. Seniuta*, 49 Ill. App. 3d 329, 364 N.E.2d 327 (1977). Section 508 reflects the changes instituted by the 1970 Constitution and allows the trial court to hear any justiciable matter. *Seniuta*, 49 Ill. App. 3d 329, 364 N.E.2d 327. Section 508 empowers a court to shift attorney fees from one spouse to another and promotes judicial economy by enabling an attorney to sue his client for fees while the divorce action is pending. See *In re Marriage of Pagano*, 154 Ill. 2d 174, 607 N.E.2d 1242 (1992).

The section 508 proceeding merely increases the avenues available to an attorney to seek fees from his client. See *Nottage v. Jeka*, 172 Ill. 2d 386 (1996). Despite plaintiff's arguments to the contrary, nothing within section 508 limits the rights of a client injured by her attorney's malpractice to seek redress. Just as in a common law action to recover fees, plaintiff was entitled to defend the fee petition by challenging her attorneys' representation. We find no reason for exempting issues raised in section 508 proceedings, as opposed to other common law actions to recover attorney fees, from the doctrine of *res judicata*. Therefore, we find that all of the claims in plaintiff's complaint, except for the claim seeking relief from the defendants' conduct surrounding the tuition dispute, were properly dismissed. The trial court's ruling is affirmed in part and reversed and remanded as to paragraphs 25 and 26 of plaintiff's amended complaint.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and CAHILL, J., concur.