EDGAR BAIRD WOOLSEY, Plaintiff-Appellant, v. RICHARD S. WILTON, Defendant-Appellee.

Third District   No. 4—97—1003

Opinion filed August 11, 1998.—Rehearing denied September 14, 1998.

Burt L. Dancey, of Elliff, Keyser, Oberle & Dancey, P.C., of Pekin, for appellant.

David B. Radley, of Baymiller & Radley, of Peoria, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

After prevailing as defendant in a suit for breach of contract, plaintiff Edgar Baird Woolsey filed this action to recover his attorney fees. The circuit court dismissed the suit on the basis of res judicata. We affirm.

The pertinent facts are not in dispute. In 1992, Richard S. Wilton filed suit against Edgar Baird Woolsey for breach of contract. Woolsey then sought and obtained leave to file a counterclaim for attorney fees. For reasons not appearing in the record, Woolsey failed to file the counterclaim. Rather, after obtaining a favorable jury verdict, Woolsey filed this suit to recover his attorney fees pursuant to a "prevailing party" provision in the contract. Wilton filed a motion to dismiss on the basis of res judicata (735 ILCS 5/2—619(a)(4) (West 1994)), and the trial judge granted the motion.

■ "Under the doctrine of res judicata, a final judgment rendered on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." Torcasso v. Standard Outdoor Sales, Inc., 157 Ill. 2d 484, 490, 626 N.E.2d 225, 228 (1993). The essential elements of res judicata are: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of causes of action;

and (3) identities of parties or their privies. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294, 602 N.E.2d 820, 825 (1992). Where these elements are satisfied, "the doctrine of *res judicata* extends not only to every matter that was actually determined in the prior suit but to every other matter that might have been raised and determined in it." *Torcasso*, 157 Ill. 2d at 490, 626 N.E.2d at 228.

The parties agree that the final judgment in the prior suit was rendered by a court of competent jurisdiction, and this case involves the same parties and contract. Woolsey argues, however, that *res judicata* should not apply because counterclaims are permissive in Illinois (735 ILCS 5/2—608(a) (West 1994)) and the issue of Woolsey's rights as prevailing party was never decided in the prior litigation. See *Torcasso*, 157 Ill. 2d at 491, 626 N.E.2d at 228-29 (for *res judicata* to apply "it must either appear upon the face of the record or be shown by extensive evidence that the precise question, or point, was raised in determining the former suit").

In *Wilson v. M.G. Gulo & Associates, Inc.*, 294 Ill. App. 3d 897, 691 N.E.2d 875 (1998), this court held that a hearing on an attorney-client fee dispute in a divorce case did not constitute a *res judicata* bar to a separate action alleging malpractice. After reviewing the record, we held that the two proceedings did not satisfy the "same cause of action" requirement because (a) the first dispute involved only the number of hours expended by the attorneys, (b) the issue of negligent representation was not raised by the attorneys' fee petition, and (c) the trial judge expressly excluded any evidence relating to the attorneys' competency. *Wilson*, 294 Ill. App. 3d at 901, 691 N.E.2d at 877-78.

■ The case before us presents a substantially different situation. Woolsey sought and obtained leave to raise his contractual right to attorney fees in the preceding contract litigation. Thus, while there are no compulsory counterclaims in Illinois, Woolsey voluntarily introduced into the first litigation the very issue that he now seeks to raise in this case. See *Bennett v. Gordon*, 282 Ill. App. 3d 378, 384, 668 N.E.2d 109, 113 (1996). Though Woolsey failed to pursue his claim for attorney fees in the first suit, the issue was raised and therefore constituted a matter that might have been determined in that litigation.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOMER, P.J., and BRESLIN, J., concur.