WENDY WEISMAN, Plaintiff-Appellant, v. SCHILLER, DUCANTO AND FLECK, Defendant-Appellee.

First District (6th Division)   No. 1—98—1223

Opinion filed June 30, 2000.

CERDA, J., specially concurring.

Philip J. Nathanson, of Chicago, for appellant.

Johnson & Bell, Ltd., of Chicago (Kelly N. Warnick, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Wendy Weisman, has appealed the dismissal with prejudice of her complaint seeking recovery for legal malpractice. On appeal, plaintiff argues that the trial court erred in finding that her claim was barred by the doctrine of *res judicata*. We agree.

Plaintiff brought this action against defendant, Schiller, Ducanto & Fleck, Ltd., requesting damages allegedly incurred as a result of negligent legal representation rendered by defendant in plaintiff's dissolution action against her former husband. In her complaint, plaintiff alleged that defendant was negligent in (a) failing to fully investigate and discover the nature and extent of the parties' marital property, and (b) failing to prepare the property valuation and property division aspects of the dissolution action for trial. Plaintiff further alleged that, due to the defendant's legal malpractice, she did not obtain the division of marital property that she would have obtained had the defendant not been negligent in its preparation in the dissolution action. Plaintiff's prayer for relief requested damages in excess of $30,000.

Plaintiff's allegations of professional negligence were predicated upon assertions that defendant failed to perform adequate discovery of the law practice of her former husband, a plaintiff's personal injury attorney with a multimillion dollar income. The record indicates that the defendant law firm received financial statements from plaintiff's former husband that reflected a net worth of $4,500,000 but did not place any value for the husband's law practice. However, defendant did not conduct timely discovery to obtain the documents required to determine the full extent of his finances and assets. In addition, defendant never deposed the plaintiff's former husband prior to the discovery closing date set by the trial court. Shortly after the close of discovery, plaintiff discharged defendant and hired new counsel.

In dismissing plaintiff's legal malpractice complaint, the trial court found that because plaintiff had raised defendant's negligence as an affirmative defense to a fee petition brought pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508 (West 1996)), the issue of defendant's negligence had already been adjudicated in the dissolution proceeding. Relying upon the decision in *Bennett v. Gordon*, 282 Ill. App. 3d 378, 668 N.E.2d 109 (1996), the court dismissed plaintiff's complaint with prejudice, concluding that her legal malpractice claim was barred by the doctrine of *res judicata*.

■ Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302,

703 N.E.2d 883 (1998); *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35, 665 N.E.2d 1199 (1996). For the doctrine to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of parties or their privies, and (3) there is an identity of causes of action. *River Park*, 184 Ill. 2d at 302.

On appeal, plaintiff has not challenged the existence of the first two factors. We agree that the resolution of the fee petition constituted a final judgment on the merits rendered by a court of competent jurisdiction, and there is an identity of the parties. Plaintiff asserts, however, that the application of *res judicata* was inappropriate because the requirement that there be an identity of causes of action had not been satisfied.

■ A cause of action is defined by the facts that give a plaintiff a right to relief. *Rein*, 172 Ill. 2d at 338. When determining whether there is an identity of causes of action, Illinois courts apply the transactional test. *River Park*, 184 Ill. 2d at 311. Under this approach, a claim is viewed in factual terms. Separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different kinds or theories of relief. *River Park*, 184 Ill. 2d at 311.

■ We hold that the plaintiff's legal malpractice claim and her affirmative defense to the fee petition in the dissolution proceeding arise from a single group of operative facts. Therefore, the transactional test has been met here, and the three requirements necessary for application of the doctrine of *res judicata* have been satisfied.

However, the doctrine of *res judicata* does not bar a claim if a court would not have had subject matter jurisdiction to decide that claim in the first suit involving the same cause of action. *River Park*, 184 Ill. 2d at 317, citing *Airtite v. DPR Ltd. Partnership*, 265 Ill. App. 3d 214, 219, 638 N.E.2d 241 (1994); Restatement (Second) of Judgments § 26(1) (1982). In the instant case, the trial court hearing the fee petition did not have subject matter jurisdiction to fully adjudicate plaintiff's legal malpractice claim. Although plaintiff was able to assert affirmative defenses to the request for fees, she had no right or opportunity to litigate her claim for damages resulting from defendant's professional negligence.

The petition for fees sought compensation for services performed in the dissolution action. Plaintiff was contractually obligated to pay those fees that were justified based upon the services actually rendered, the hours dedicated to those services, and the reasonableness of the defendant's hourly rate. In defending the petition, plaintiff could only claim that she was entitled to a reduction in fees because

the specified work had not been performed at all or had not been performed competently, the hours were not justified, or the hourly rate was unreasonable.

The section 508 proceeding did not provide an adequate forum to litigate plaintiff's legal malpractice claim. At the fee petition hearing, the best result plaintiff could hope to achieve would be a judgment that she was not liable for any of the fees claimed because none of the work specified in the petition justified the amounts requested. She would not be able to litigate the aspects of her malpractice claim which alleged that defendant had negligently failed to perform critical work. In addition, the section 508 proceeding afforded plaintiff no opportunity to obtain a judgment for damages in excess of the amount of the fees sought. A legal malpractice plaintiff is entitled to recover those sums which would have been recovered if the underlying suit had been successfully prosecuted. *Albright v. Seyfarth, Fairweather, Shaw & Geraldson*, 176 Ill. App. 3d 921, 926, 531 N.E.2d 948 (1988). See also *Person v. Behnke*, 242 Ill. App. 3d 933, 937, 611 N.E.2d 1350 (1993) (loss of custody of a child is a compensable injury in a legal malpractice claim).

Plaintiff's legal malpractice claim seeking recovery for losses caused by her former counsel's failure to perform essential work is an entirely separate and independent cause of action, which could not have been presented as a counterclaim in the fee petition hearing. That claim was based on the defendant's alleged failure to conduct careful and thorough discovery of her former husband's assets. This common-law cause of action for professional negligence afforded plaintiff the opportunity to seek recovery for all damages caused by defendant's malpractice, not merely a reduction in the amount of fees claimed.

In addition, even if plaintiff could have litigated her professional negligence action in the section 508 proceeding, she would have been deprived of her right to have the claim decided by a jury. The Illinois Constitution provides that "[t]he right of trial by jury as heretofore enjoyed, shall remain inviolate." Ill. Const. 1870, art. II, § 5; Ill. Const. 1970, art. I, § 13. In *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 72, 643 N.E.2d 734 (1994), the Illinois Supreme Court held that the right protected by this constitutional provision is the right of trial by jury as it existed at common law. The claim asserted in plaintiff's legal malpractice action existed at common law and, therefore, entitled her to a trial by jury. See generally *Collins v. Reynard*, 154 Ill. 2d 48, 607 N.E.2d 1185 (1992). However, the right to a jury is precluded by section 103 of the Illinois Marriage and Dissolution of Marriage Act, which specifically states that "[t]here shall be no trial by jury under this Act." 750 ILCS 5/103 (West 1996).

Additionally, the doctrine of *res judicata* need not be applied where fundamental fairness so requires. *People v. Somerville*, 42 Ill. 2d 1, 4, 245 N.E.2d 461 (1969). We hold that the application of the doctrine of *res judicata* in the case at bar would create an injustice by impermissibly infringing upon plaintiff's fundamental rights to a full remedy and to a trial by jury.

We acknowledge that this conclusion is not in accordance with *Bennett v. Gordon*, 282 Ill. App. 3d 378, 668 N.E.2d 109 (1996). In *Bennett*, the plaintiff raised a number of affirmative defenses in opposition to the defendants' fee petition. She claimed that the defendants' representation was inadequate, that they conducted insufficient discovery, and that they failed to force her husband to comply with discovery orders. In the malpractice action, she asserted that the defendants failed to properly assess her husband's assets by neglecting to depose him. The court held that, because the issues raised in the legal malpractice suit were the identical issues asserted by plaintiff in her affirmative defenses in the first proceeding, the subsequent malpractice action was barred by the doctrine of *res judicata*. *Bennett*, 282 Ill. App. 3d at 385. But see *Wilson v. M.G. Gulo & Associates, Inc.*, 294 Ill. App. 3d 897, 899-902, 691 N.E.2d 875 (1998).

We note, however, that the deprivation of the plaintiff's fundamental rights to a full and adequate remedy and to a trial by jury were not raised or considered in *Bennett*. To the extent that the holding in *Bennett* is inconsistent with the views expressed above, we decline to follow it.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

O'BRIEN, J., concurs.

JUSTICE CERDA, specially concurring:

In paragraph 16 of plaintiff's response to the fee petition Wendy Weisman stated:

> "[Plaintiff] further and affirmatively states that the fees claimed by Schiller, DuCanto & Fleck are not reasonable, in light of the results obtained by them and the work that they failed to do or do adequately."

The plaintiff did not amend paragraph 16 nor did she file a counterclaim seeking damages against her former attorneys. I believe that the plaintiff only challenged the reasonableness of the amount of the at-

torney fees in her response. The allegation in the response was merely that in comparison with the amount of fees requested, the result and the work performed did not merit the payment of the fees requested. There was no allegation of legal malpractice contained in the response. The issues in the fee petition case were framed by the pleadings. The legal malpractice of her former attorneys was never an issue in the fee petition case. Only the reasonableness of the attorney fees was in issue.

The case before us bears more similarities to *Wilson v. M.G. Gulo & Associates, Inc.*, 294 Ill. App. 3d 897 (1998), than *Bennett v. Gordon*, 282 Ill. App. 3d 378 (1996). In *Wilson*, the wife did not allege the legal malpractice of her attorneys; she never filed a response or a counterclaim in the action. In the *Wilson* case, the court made a finding:

> "[T]he negligent representation cause of action was not raised in the petition for fees hearing." *Wilson*, 294 Ill. App. 3d at 901.

In contrast to *Wilson*, in the *Bennett* case the affirmative defenses contained in the answer to the fee petition included claims:

Defendants conducted inadequate discovery by neglecting to obtain appraisals and accounting of Bennett's assets;

Defendants failed to obtain body attachments to force Bennett to comply with certain court orders;

Defendants improperly permitted Bennett to transfer marital real property and failed to get an accounting of the transfer;

Defendants allowed liens to attach to the improperly transferred marital property. *Bennett*, 282 Ill. App. 3d at 380.

There were additional allegations of legal malpractice in the *Bennett* case. It is clear that the issues framed by the pleadings in the *Bennett* fee petition case were the same issues framed by the pleadings in the malpractice case. Thus *res judicata* barred the plaintiff in *Bennett* from asserting the same issues in the malpractice case.

I believe that only the reasonableness of the fees was at issue in the fee petition case *sub judice*. Therefore *res judicata* does not bar the plaintiff from asserting her legal malpractice claim. I concur that the judgment should be reversed and the cause remanded to the circuit court.