Michael TAYLOR, Plaintiff— Appellant,

v.

**ILLINOIS TOOL WORKS, INC.,**
a Delaware corporation,
Defendant—Appellee.

**No. 03-55306.**
**D.C. No. CV-01-10573-AJW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.*

Decided Nov. 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jeffrey D. Diamond, Encino, CA, for Plaintiff–Appellant.

David S. Poole, Poole & Shaffery, Los Angeles, CA, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Before commencing this action, Michael Taylor sued his former employer and business associate, Illinois Tool Works, Inc. ("ITW"), for breach of contract in a federal diversity jurisdiction case that went to final judgment. Although the contract on which Taylor sued had a provision giving a right to attorneys' fees to the party prevailing in any future litigation, Taylor elected not to seek these special damages in part because he did not want to alert ITW to a possible theory of recovery if ITW, rather than Taylor, were to succeed on the merits. Taylor got his jury verdict, and prevailed in the initial litigation. He then filed a motion to recover attorneys' fees in that action, which the magistrate judge denied as untimely. Taylor did not appeal this denial of attorneys' fees, and such fees are not included in the final judgment Taylor previously received.

In the case before us on appeal, Taylor filed a second lawsuit in federal court, also based on diversity jurisdiction, seeking to recover attorneys' fees from the first lawsuit.[1] His complaint asserts that ITW's failure to pay Taylor's attorneys' fees on his demand after he prevailed in the prior litigation, which included his unsuccessful post-verdict motion for such fees, constitutes a separate breach of contract that arises out of different facts than the previous lawsuit. The district court dismissed Taylor's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that it was barred under the doctrine of res judicata. Taylor appeals; we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The dispositive issue is whether ITW was entitled to judgment in this case because of the doctrine of res judicata. Illinois law controls whether the previous lawsuit has a preclusive effect on the matter before us. *Jacobs v. CBS Broad., Inc.,* 291 F.3d 1173, 1177 (9th Cir.2002).[2] Illinois applies a transactional analysis in determining whether res judicata bars a lawsuit, looking to see whether both lawsuits arise "from a single group of operative facts." *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 891–93 (1998). The Illinois rule is that a case is barred by res judicata if: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Id.* at 889. The doctrine "extends not only to those claims actually decided in the first action, but also to those issues that could have been decided in that suit." *Saxon*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties stipulated to the transfer of this case to the Hon. Andrew J. Wistrich, United States Magistrate Judge.

2. We review de novo a dismissal on the basis of res judicata. *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.2002).

*Mortgage, Inc. v. United Fin. Mortgage Corp.*, 312 Ill.App.3d 1098, 245 Ill.Dec. 455, 728 N.E.2d 537, 542 (2000).

Applying these principles, we conclude that Taylor's claim for attorneys' fees is barred by res judicata because, in the initial lawsuit: (1) the district court rendered a final judgment on the merits, (2) regarding the same breach of contract for which Taylor now claims attorneys' fees as special damages, (3) in a case between Taylor and ITW, the same parties, and (4) in which Taylor specifically plead a claim for attorneys' fees. Illinois law bars a party to a breach of contract dispute from bringing a separate action to recover attorneys' fees under a "prevailing party" contract provision after the conclusion of the underlying litigation. *Woolsey v. Wilton*, 298 Ill. App.3d 582, 232 Ill.Dec. 729, 699 N.E.2d 176, 177 (1998). Taylor brought his claim for attorneys' fees in the first suit, but for strategic purposes chose not to pursue it. Thus, like the plaintiff in *Woolsey*, Taylor "voluntarily introduced into the first litigation the very issue that he now seeks to raise in this case." *See id.* His "separate contractual transaction" theory does not persuade us that he is entitled to circumvent the clear rule of Illinois law, as set forth in *Woolsey*, under which res judicata bars his claim. We hold that the district court correctly dismissed Taylor's complaint because of res judicata.[3]

**AFFIRMED**

---

**3.** We need not consider the district court's alternate holding that this action is also barred on the basis that Taylor abandoned his claim for attorneys' fees by failing to pursue it in the prior case.

