NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200418-U

NO. 4-20-0418

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 17, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| ERIC REID, | ) | No. 90CF2010 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted the Office of the State Appellate Defender's motion
for leave to withdraw and affirmed the trial court's dismissal of defendant's
*pro se* motion to allow DNA testing where no meritorious issues could be raised
on appeal.

¶ 2     This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in

this case. Defendant, Eric Reid, filed a *pro se* response in opposition to appellate counsel's

motion for leave to withdraw. The State asserts the trial court did not err when it dismissed

defendant's *pro se* motion for additional deoxyribonucleic acid (DNA) testing because

defendant's request was barred by *res judicata*. After examining the record, we grant OSAD's

motion for leave to withdraw and affirm the trial court's judgment.

¶ 3                                        I. BACKGROUND

¶ 4        The appellate court has previously recited the details of defendant's conviction, sentence, and postconviction proceedings.  See *People v. Reid*, 2019 IL App (4th) 160702-U. Therefore, we discuss only those facts and the procedural history that are pertinent to the issues raised in this appeal.

¶ 5                              A.  Defendant's Jury Trial

¶ 6        In October 1991, a jury convicted defendant of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, ¶ 12-14), and the trial court sentenced defendant to an extended term of 60 years in prison.  Defendant's conviction relied on four pieces of evidence: (1) the victim's identification of defendant as her attacker at trial; (2) expert testimony that defendant's Nike-branded shoes could have made the shoe print found at the scene of the assault; (3) expert testimony that one of three partial palm prints found on the exterior of the victim's vehicle matched defendant's palm print—the other two prints were not tested; and (4) testimony from a Federal Bureau of Investigation (FBI) agent and expert in DNA analysis identifying a four-loci match after conducting a Restriction Fragment Length Polymorphism (RFLP) DNA test of semen collected from the vaginal swab of the victim and defendant's blood resulting in a statistical probability that the DNA profile would appear once in a 17 million person sample size of African Americans.  In December 1992, this court affirmed defendant's conviction and sentence.  *People v. Reid*, 236 Ill. App. 3d 1116 (1992) (table) (unpublished order under Supreme Court Rule 23).

¶ 7                      B.  Defendant's 2011 Motion for Forensic Testing

¶ 8        In June 2011, defendant filed a *pro se* motion for forensic testing on DNA and fingerprint analysis under section 116-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-3 (West 2010)).  In January 2013, appointed counsel for defendant filed a motion in

support of defendant's motion for forensic testing. Specifically, defendant requested new DNA testing of the items in the Vitullo kit and fingerprint analysis of the two partial palm prints not previously tested.

¶ 9    The trial court held an evidentiary hearing on defendant's motion, where the court heard the following evidence. Gary Havey, an expert in fingerprint analysis, testified that since 1990, no changes in forensic fingerprint technology occurred that affected the opinions he gave at defendant's trial. At defendant's trial, Havey testified one partial palm print found on the victim's vehicle matched defendant's palm print at 20 separate points of comparison. Havey stated he did not examine the other two partial palm prints because the investigator, at the time, told him one matched print "would suffice[.]" Havey also represented that the Illinois State Police use the Automated Fingerprint Identification System (AFIS) to look at comparisons of fingerprint analysis but not to search palm prints; therefore, at no point did he use AFIS when analyzing the partial palm print.

¶ 10    William Frank, an expert in the field of DNA forensics, testified RFLP ceased being the standard DNA testing performed by the Illinois State Police in the mid-1990s and STR-PCR testing became the new and current standard. However, Frank indicated the change from RFLP to STR-PCR testing never involved issues of reliability. Frank represented that according to today's technology, the RFLP testing in this case was sufficient to ensure a reliable result and he was unaware of any new technological developments that would cause him to question the results.

¶ 11    David Turngren, a forensic scientist that specializes in biology and DNA analysis, testified that, prior to defendant's trial, he examined items of evidence from the sexual assault submitted to him for the presence of hairs. At that time, DNA analysis testing failed to support

testing the shaft of a hair absent the root. Turngren thus did not test the hair presumably belonging to defendant where the hair lacked the root. Turngren testified that, today, the FBI uses mitochondrial DNA testing to test the shaft of hair for DNA, while the Illinois State Police conducts no such testing.

¶ 12 Ultimately, the trial court denied defendant's motion for forensic testing. This court affirmed the trial court's decision. *People v. Reid*, 2019 IL App (4th) 160702-U, ¶ 60. Specifically, we found (1) defendant forfeited any claims relating to mitochondrial DNA testing of hair where he neglected to request additional forensic testing of any hair; (2) defendant failed to demonstrate the DNA analysis of items recovered from the Vitullo kit had the potential to produce new, noncumulative evidence materially relevant to defendant's actual innocence claim; (3) the trial court properly rejected defendant's attempt to rely on a letter written by Dr. Karl Reich, attacking the reliability of RFLP DNA testing, where defendant failed to provide the necessary foundation for the letter or the author of the letter; and (4) defendant failed to demonstrate that additional fingerprint analysis had the potential to produce new, noncumulative evidence materially relevant to defendant's actual innocence claim.

¶ 13 C. Defendant's 2019 Motion to Allow DNA Testing

¶ 14 In December 2019, defendant filed a *pro se* motion to allow DNA testing pursuant to section 116-3 of the Code (725 ILCS 5/116-3 (West 2018)). In the motion, defendant (1) requested previously untested palm prints be run through AFIS; (2) asked for additional DNA testing based on new technology not available at the time of his trial; (3) argued some exculpatory evidence was destroyed; (4) requested PCR-STR testing on the hair that was in the Vitallo kit; and (5) argued ineffective assistance of counsel where his counsel on his previous

motion for forensic testing failed to request a DNA database search.  Defendant attached two letters from Dr. Reich and an affidavit in support of his motion.

¶ 15            In January 2020, the State filed a motion to dismiss defendant's "amended petition for post-conviction forensic testing."  In the motion to dismiss, the State argued a motion under section 116-3 of the Code (735 ILCS 5/116-3 (West 2018)), was not the proper procedural vehicle for an ineffective assistance claim or defendant's claim for destruction of evidence.  The State argued the remaining claims were barred by a prior judgment.

¶ 16            In July 2020, the trial court denied defendant's motion to allow DNA testing, finding defendant's motion was barred by *res judicata*.  Subsequently, defendant filed a motion for reconsideration, which the court denied.

¶ 17            This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19            On appeal, appellate counsel argues no meritorious issues can be raised in this case.  Specifically, counsel asserts defendant's motion to allow DNA testing pursuant to section 116-3 of the Code (725 ILCS 5/116-3 (West 2018)) is barred by *res judicata*.  Defendant filed a *pro se* response in opposition to appellate counsel's motion for leave to withdraw.  Defendant argues (1) the facts alleged in the motion before this court are not the same facts alleged in his 2011 motion and (2) *res judicata* "is an equitable doctrine which may be relaxed whe[n] required by fundamental fairness."  The State argues the trial court did not err when it dismissed defendant's *pro se* motion for additional DNA testing because defendant's request was barred by *res judicata*.  In response, defendant filed a reply brief.  We grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 20    "Section 116-3 allows a defendant to have physical evidence subjected to scientific testing that was not available at the time of the trial if certain requirements are met." *People v. Savory*, 197 Ill. 2d 203, 208, 756 N.E.2d 804, 808 (2001). "[T]o present a *prima facie* case for forensic testing, the defendant must show that identity was the central issue at trial and that the evidence to be tested was subject to a sufficiently secure chain of custody." *People v. Johnson*, 205 Ill. 2d 381, 393, 793 N.E.2d 591, 599 (2002). If defendant establishes a *prima facie* case for testing, "[t]he trial court then must determine whether this testing will potentially produce new, noncumulative evidence that is materially relevant to the defendant's actual-innocence claim." *Johnson*, 205 Ill. 2d at 393. "A trial court's decision to deny a motion for forensic testing is subject to *de novo* review." *People v. Gibson*, 357 Ill. App. 3d 480, 485, 828 N.E.2d 881, 885 (2005).

¶ 21    "Our appellate courts have concluded that the statutory language of section 116-3 does not limit the number of motions a defendant may bring." *People v. Patterson*, 2012 IL App (4th) 090656, ¶ 25, 971 N.E.2d 1204. "Although successive motions are not impermissible, *res judicata* will bar a successive motion if the exact same issue is raised in both motions." *Id.*

¶ 22    "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. [Citation.] *Res judicata* bars not only what was actually decided in the first action but also whatever could have been decided. [Citation.] Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. [Citation.]"

- 6 -

(Internal quotation marks omitted.) *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008).

¶ 23    "A cause of action is defined by the facts that give a plaintiff a right to relief. [Citation.]  When determining whether there is an identity of cause of action, Illinois courts apply the transactional test.  [Citation.]  Under this approach, a claim is viewed in factual terms. Separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different kinds or theories of relief. [Citation.]"  *Weisman v. Schiller, Ducanto & Fleck*, 314 Ill. App. 3d 577, 579, 733 N.E.2d 818, 820 (2000).

¶ 24    Here, we find the trial court did not err when it dismissed defendant's 2019 *pro se* motion to allow DNA testing because defendant's claims were barred by *res judicata*. Defendant's claims in his 2019 motion relied on the same set of operative facts as his claims in his 2011 motion.  Both motions challenged the testing of the DNA evidence obtained from the aggravated criminal sexual assault committed by defendant.  Further, defendant's 2019 motion requested the same type of DNA testing previously requested in defendant's 2011 motion. While defendant's motions asked for different types of relief, defendant's 2019 motion requested the same type of DNA testing based on the same set of facts as the 2011 motion. Thus, any claim in defendant's 2019 motion could have been decided previously.  See *Hudson*, 228 Ill. 2d at 467.

¶ 25    Accordingly, where both the trial court and this court previously denied defendant's prior motion raising the same issues, we find defendant's current *pro se* motion to allow DNA testing is barred by *res judicata*.  Thus, because the appeal presents no issues of arguable merit, we grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 26                          III. CONCLUSION

¶ 27           For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 28           Affirmed.