LARRY G. McLAIN, Plaintiff-Appellant, v. WEST SUBURBAN HOSPITAL MEDICAL CENTER, Defendant-Appellee.

First District (3rd Division)   No. 1—89—0164

Opinion filed December 31, 1990.

Gene L. Armstrong, of Oak Park, for appellant.

Winston & Strawn, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Larry G. McLain, M.D. (McLain), appeals from an order of the circuit court which granted defendant West Suburban Hospital Medical Center's (West Suburban Hospital's) motion to dismiss his complaint. On appeal, McLain contends that the trial court erred in dismissing his complaint. We affirm.

In March of 1985, Dr. Burt Beverly, a pediatrician with offices located in West Suburban Plaza adjacent to West Suburban Hospital, died suddenly. After Dr. Beverly's death, McLain, a pediatrician who was at that time associated with McNeal Hospital, began negotiations with Beverly's widow and Charles Bruhn, a West Suburban Hospital official, for the purchase of Dr. Beverly's medical practice.

According to McLain, Bruhn advised him that his acquisition of Dr. Beverly's practice and assumption of responsibility for the remaining term of the lease on Beverly's West Suburban Plaza office would be beneficial to West Suburban Hospital because the office suite would remain occupied by a well-known local physician who would admit patients to West Suburban Hospital. On April 4, 1985, McLain met with Bruhn at West Suburban Hospital. According to McLain, during that meeting, Bruhn orally offered, on behalf of West Suburban Hospital, to make a gift of $21,000 to him to defray the costs associated with establishing his practice. This gift was conditioned upon McLain's purchase of Dr. Beverly's medical practice, assumption of the remaining term of Dr. Beverly's office lease and application for a position on the medical staff at West Suburban Hospital. According to McLain, he orally accepted West Suburban Hospital's offer.

Thereafter, on August 13, 1985, Norman B. Goodman, president of West Suburban Hospital, wrote McLain a letter in which West Suburban offered him an interest-free loan in the amount of $21,000. McLain executed a written acceptance of the loan agreement which provided, *inter alia*, that the loan was to be repaid in 12 equal monthly payments.

McLain initially made payments to West Suburban Hospital in satisfaction of the loan. McLain never protested or otherwise indicated any objection to making the payments. McLain, however, ceased making loan payments, and West Suburban filed suit on July 13, 1987, to recover the balance due under the loan agreement. As a result of that lawsuit, McLain and West Suburban entered into a settlement agreement whereby McLain paid the balance due on the loan. In addition, the parties entered into an agreed dismissal of the lawsuit with prejudice on October 13, 1987.

Thereafter, on March 1, 1988, McLain filed the present lawsuit in

which he alleged that West Suburban Hospital breached its April 4, 1985, oral contract to give him $21,000. McLain alleged that after he had changed his position in reliance on the promised $21,000 gift by entering into a binding agreement to (1) assume responsibility for the remaining term of the lease; (2) purchase Dr. Beverly's practice and (3) apply for staff privileges at West Suburban Hospital, he was advised that West Suburban Hospital would not make a gift of $21,000 to him, but would instead give him a $21,000 interest-free loan. McLain alleged that because he felt that he had no other viable option, he accepted the terms of the loan agreement. McLain further alleged that as a result of West Suburban Hospital's breach of its contract to grant him $21,000, he suffered direct and consequential damages in the amount of $42,000.

West Suburban Hospital filed a motion to dismiss McLain's complaint based on the doctrines of *res judicata* and collateral estoppel. Following briefing and oral argument, the trial court granted West Suburban Hospital's motion to dismiss. This appeal followed.

The sole issue on appeal is whether the settlement and dismissal with prejudice of West Suburban Hospital's lawsuit to recover payment on a written $21,000 loan agreement between the parties bars the litigation of McLain's subsequent lawsuit for breach of an alleged oral contract for a gift of the same $21,000.

The doctrine of *res judicata* prohibits the relitigation of claims and issues that were raised or could have been raised by a prior action between the same parties or their privies which has been resolved by final judgment on the merits by a court of competent jurisdiction. (*Hughey v. Industrial Comm'n* (1979), 76 Ill. 2d 577, 582, 394 N.E.2d 1164, 1166; *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 153, 421 N.E.2d 278, 282.) The dismissal with prejudice of an action is an adjudication on the merits, since dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by final judgment. (*Morris*, 96 Ill. App. 3d at 156.) The doctrine of collateral estoppel bars the trial of an issue that has been fairly and completely resolved in a prior proceeding. The doctrine applies when a party or someone in privity with a party participates in two separate cases and in the earlier case some controlling fact or question material to the determination of both cases has been adjudicated against one of the parties in the second case. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959, 962.

In the present case, the initial action between these two parties was a lawsuit to enforce the August 1985 written loan agreement

in the amount of $21,000. McLain failed to either contest the validity of the loan agreement or raise any of the defenses of detrimental reliance, breach of contract or unilateral modification, which he alleged in his March 1988 breach of contract lawsuit, in the initial action. However, all of the allegations raised by McLain in his subsequent lawsuit were matters within his knowledge at the time of the initial action which could have therefore been raised as a defense or counterclaim in the initial action. There is only one issue involved in the dispute between the parties, *i.e.*, who is entitled to final possession of the $21,000 in dispute. There is only one $21,000 at issue between these two parties. Either the $21,000 should have been McLain's gift or his debt. The issue was resolved when McLain admitted, in the initial action, that the $21,000 was a loan and paid it.

Since the dismissal with prejudice of the parties initial lawsuit, which resolved the issue of McLain's liability for repayment of the $21,000 loan, was a final judgment on the merits, it acts as a bar to litigation on the issue of an alleged prior oral contract to make a gift of the same $21,000. We therefore conclude that the trial court did not err in dismissing McLain's complaint.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.