No. 3--97--0302

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

CAROL WILSON, ) Appeal from the Circuit Court

) for the 13th Judicial Circuit,

Plaintiff-Appellant, ) LaSalle County, Illinois 

)

v. )

) No. 95--L--23

M.G. GULO & ASSOCIATES, INC., )

a professional corporation, )

and MICHAEL F. GULO, ) Honorable

) James J. Wimbiscus

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

At issue in this appeal is whether the doctrine of 
res
 
judicata
 precludes a legal malpractice action when the action was filed after the defendant attorneys litigated a petition for fees in the underlying case.  The defendants, M.G. Gulo & Associates, Inc. and Michael Gulo (defendants), contend that the issues raised in both the petition for fees and the subsequent malpractice claim are identical, thus the trial court correctly applied the 
res
 
judicata
 doctrine to bar the subsequent action.  Based on the facts of this case, we disagree.  We hold that the
 issues raised by plaintiff Carol Wilson in her legal malpractice action are not barred by the doctrine of 
res
 
judicata
.  Accordingly, we reverse.

FACTS
  

Wilson engaged the defendants to represent her in a divorce proceeding against her husband.  Following the entry of the judgment for dissolution, Wilson refused to pay the defendants for their services.  Consequently, the defendants filed a petition for fees.  Wilson did not file an answer or raise any affirmative defenses in response to the petition.  

During the fee petition hearing, Wilson only contested the number of hours billed by the defendants.  She supported her position by introducing her own records of the number of hours the defendants worked on her case.  However, during cross-examination of defendant Michael Gulo, Wilson tried to introduce an independent pension appraisal to demonstrate the defendants' failure to competently assess the value of her husband's pension.  Upon Wilson's reference to the defendants' misevaluation, the court stated: 

 "[Y]ou are not objecting to the hourly rate.  The question is then did he spend the hours.  Now I don't see what relevance this has to do with whether he spent the hours ***, the expertise of the attorney doesn't go toward the number of hours he's entitled to bill for but rather goes to the hourly rate."   

The court found that the pension records were irrelevant and sustained the defendants' objection.  At the conclusion of the hearing, the court ordered Wilson to pay the defendants, but reduced the amount of fees recoverable to reflect the number of hours the defendants actually worked on Wilson's case.

A year and a half later, Wilson instituted a legal malpractice proceeding against the defendants, claiming negligent representation in the underlying dissolution action.  Relying on 
Bennett v. Gordon
, 282 Ill. App. 3d 378, 668 N.E.2d 109 (1996), the trial court declared the suit barred under the doctrine of 
res
 
judicata
 and granted the defendants' motion for summary judgment.  Wilson appeals.

DISCUSSION

The sole issue on appeal is whether the legal malpractice action is barred by the judgment on the petition for fees rendered in the underlying divorce proceeding.  

Under the doctrine of 
res
 
judicata
, a final judgment on the merits by a court of competent jurisdiction is conclusive as to the rights of the parties involved and their privies and constitutes an absolute bar to subsequent actions brought by the same parties or their privies concerning the same claims or demands. 
People ex rel. Burris v. Progressive Land Developers, Inc.
, 151 Ill. 2d 285, 602 N.E.2d 820 (1992).  The essential elements of 
res
 
judicata
 are: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. 
Progressive Land Developers, Inc.
, 151 Ill. 2d 285, 602 N.E.2d 820.  

Illinois courts have adopted two separate tests to determine whether a cause of action is the same for purposes of 
res
 
judicata
.  
Under the first test, 
res
 
judicata
 bars a second suit if the evidence necessary to sustain that suit is the same evidence required to sustain the first suit.  This is called the "same evidence" test. 
Rodgers v. St. Mary's Hospital of Decatur
, 149 Ill. 2d 302, 597 N.E.2d 616 (1992).  The second test, the "transactional" test, considers whether both suits arise out of the same transaction, incident, or factual situation. 
Pfeiffer v. William Wrigley Jr. Co.
, 139 Ill. App. 3d 320, 484 N.E.2d 1187 (1985).  This test provides that if a single core of operative facts give rise to both actions, the second action is barred under 
the principles of 
res
 
judicata
. 
Rodgers
, 149 Ill. 2d at 312, 597 N.E.2d at 621.      

The doctrine of 
res
 
judicata
 extends not only to those claims fully litigated in the first proceeding, but also to those issues that could have been raised or decided. 
LaSalle National Bank v. Board of School Trustees
, 61 Ill. 2d 524, 337 N.E.2d 19 (1975).  However, there are no compulsory counterclaims in Illinois.  735 ILCS 5/2--608(a)(West 1996); 
Bennett v. Gordon
, 282 Ill. App. 3d 378, 668 N.E.2d 109 (1996); 
Torcasso v. Standard Outdoor Sales
, Inc., 232 Ill. App. 3d 500, 503, 597 N.E.2d 772, 775 (1992).  
Section 2--608 of the Code of Civil Procedure provides that a defendant seeking judgment against any party to a lawsuit 
may
 assert a counterclaim (emphasis added). 735 ILCS 5/2--608(a)(West 1996).  This court's review of an order granting summary judgment is 
de
 
novo
. 
Andrews v. Cramer
, 256 Ill. App. 3d 766, 629 N.E. 2d 133 (1993).

Wilson's primary contention is that the cause of action on the prior petition for fees is not the same cause of action as the present case alleging legal malpractice and, as a consequence, the doctrine of 
res
 
judicata
 is inapplicable.  In the alternative, Wilson contends that the individual parties in both cases are not identical, further thwarting the application of the doctrine.   

As to Wilson's first contention, we agree.  After a careful review of the record, we find that the negligent representation cause of action was not raised in the petition for fees hearing.  The negligence claim, although perhaps ambiguously referenced in the first proceeding, could not have been fully litigated because the issue of a reasonable hourly rate was uncontested.  Because it was uncontested the trial court expressly excluded any evidence relating to the defendants' competency.  Hence, the defendants' argument that Wilson could have raised the negligence claim in the fee petition fails.  

Furthermore, we see no reason to choose between the "same evidence" approach or the "transactional" approach because both reveal that the doctrine of 
res
 
judicata
 does not bar the present action.  Under the "same evidence" test, the issue in the first cause of action was whether the defendants charged Wilson for the actual number of hours they devoted to her dissolution proceeding.  To prove this, Wilson introduced her own time records.  To sustain a cause of action in a malpractice cause of action, however, Wilson must show that the defendants' owed her a duty to competently represent her, that they breached that duty, that the breach was the proximate cause of her injuries and that she suffered damages as a result of that breach. See 
Zych v. Jones
, 84 Ill. App. 3d 647, 406 N.E.2d 70 (1980).  These elements cannot be satisfied by evidence Wilson proffered in the prior petition for fees.  Thus, the "same evidence" test is not satisfied.  

Turning to the "transactional" theory, the record demonstrates that the petition for fees was brought by the defendants after Wilson refused to pay her attorney fees.  The legal malpractice action initiated by Wilson was based on the defendants' failure to conduct a thorough discovery of her husband's assets.  While both actions involved the representation of Wilson in her divorce proceeding, they stemmed from different conduct and thus do not relate to the same transaction.  Therefore, Wilson's malpractice proceeding is not barred under the doctrine of 
res
 
judicata
. 

Finally, we note that the trial court's reliance on 
Bennett v. Gordon
, 282 Ill. App. 3d 378, 668 N.E.2d 109 (1996), was improper.  In 
Bennett
, the plaintiff raised a number of affirmative defenses in her answer to the defendants' fee petition.  She claimed that the defendants' representation was inadequate, that they conducted insufficient discovery and that they failed to force her husband to comply with discovery orders.  In the malpractice action, she asserted that the defendants failed to properly assess her husband's assets by neglecting to depose him.  The court held that because the issues raised in the legal malpractice suit were the identical issues she asserted in her affirmative defenses in the first proceeding, the subsequent malpractice action was barred by the doctrine of 
res
 
judicata
.  Furthermore, the court recognized that by asserting her defenses, Bennett voluntarily introduced the same facts and evidence necessary to sustain the second cause of action.  Thus, the requirements under the doctrine of 
res
 
judicata
 were met and the malpractice suit was dismissed. 
Bennett
, 282 Ill. App. 3d at 385, 668 N.E.2d at 114.   

Although both cases involved a petition for fees proceeding followed by a legal malpractice action, the present case is clearly distinguishable from 
Bennett
.  Unlike 
Bennett
, Wilson did not answer, raise any counterclaims or assert any affirmative defenses in response to the defendants' petition.  Accordingly, Wilson's suit is not barred by the doctrine of 
res
 
judicata
 and the trial court erred in granting summary judgment.

Our resolution of Wilson's first contention makes it unnecessary to consider her alternative contention regarding dissimilar parties.

For the foregoing reasons, the judgment of the circuit court of LaSalle County is reversed.

Reversed.

SLATER, J., concur.

     HOLDRIDGE, J., dissenting.

JUSTICE HOLDRIDGE, dissenting:

    I respectfully dissent.  As the majority points out, the doctrine of 
res
 
judicata
 extends not only to those claims that are fully litigated in the first proceeding, but also to those issues that could have been decided or litigated.  
LaSalle National Bank v. Board of School Trustees
, 61 Ill. App. 3d 524 (1975).  Because I believe that the claim of professional malpractice could have been raised as a defense to Gulo's claim for fees, I would affirm the trial court.

Professional negligence (malpractice) is a defense to a claim for attorney fees.  See, 
Bennett v. Gordon
, 282 Ill. App. 3d 378 (1996).  Thus, Wilson could have raised malpractice as a defense to Gulo's fee petition.  If Gulo's lack of competent representation could have been raised as a defense to the fee petition, a final judgment in the fee litigation precludes Wilson from raising the issue of competency in subsequent litigation.  
LaSalle National Bank
, 61 Ill. App. 3d at 526.

I must disagree with the majority's conclusion that the trial court precluded Wilson from raising negligence claims at the hearing on the fee petition.  The record indicates that Wilson attempted to raise the issue, but her evidence was ruled inadmissible based upon a hearsay objection.  Thus, Wilson could have raised competency as a defense, but her evidence was ruled inadmissible.  

I would hold that the trial court was correct in holding that 
Bennett v. Gordon
 would control, and I would affirm the holding of the trial court.