# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 03-4170

BLUE CROSS AND BLUE SHIELD OF ILLINOIS,
a Division of Health Care Service Corporation,
a Mutual Legal Reserve Company; and BLUE
CROSS BLUE SHIELD ASSOCIATION,

*Plaintiffs-Appellants*,

v.

JULIA CRUZ as Representative
of JOSE S. CRUZ,

*Defendant-Appellee.*

————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 9821—**Amy J. St. Eve**, *Judge.*

————————

ARGUED OCTOBER 25, 2004—DECIDED JANUARY 24, 2005

————————

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Jose S. Cruz was injured in a car accident. Cruz's insurer, Blue Cross and Blue Shield of Illinois, a division of Health Care Service Corporation ("Blue Cross"), paid for the treatment of his injuries. Cruz was enrolled in Blue Cross's Service Benefit Plan provided

for government employees and their dependents under the Federal Employees Health Benefits Act ("FEHBA"). Cruz sued the tortfeasor responsible for his injuries and recovered money in excess of his medical expenses in a settlement agreement. Pursuant to the Statement of Benefits in the Service Benefit Plan, Blue Cross filed suit demanding reimbursement for the benefits paid to Cruz. The district court dismissed the suit for lack of subject matter jurisdiction. Because we find that FEHBA preempts state law on this matter, we reverse.

## I.  History

FEHBA was enacted in 1959 to provide health insurance to federal employees, bridging the gap between the government and private employers with respect to healthcare benefits. The current version of FEHBA (effective in 1998) authorizes the United States Office of Personnel Management ("OPM") to contract with qualified insurance carriers for coverage of federal employees and their dependents under various health benefits plans. OPM contracted with Blue Cross and Blue Shield Association ("Blue Cross Association") to create the Service Benefit Plan, which is administered by Blue Cross in Cruz's home state of Illinois. FEHBA requires that the contracts between insurance carriers and OPM contain a detailed Statement of Benefits including maximums, limitations, and other terms related to benefits. The Statement of Benefits is incorporated into the federal contracts by reference and is the official description of benefits and Plan terms.

The Statement of Benefits in the Service Benefit Plan contains a provision regarding subrogation and right-of-recovery as follows:

> The Plan has the right to recover payments the Plan has made to you or your dependent from a third party or third party's insurer because of illness or injury

> caused by a third party. In addition to its right of re-
> covery, the Plan is subrogated to you and your depend-
> ent's present and future claims against a third party.

The Plan does not include a provision for sharing fees associated with recovery. Under Illinois law, however, the common fund doctrine provides that parties recovering money from a common fund are to share any fees associated with recovery on a pro rata basis.

We now return to the specifics of Cruz's case. Blue Cross paid $4,682.20 in benefits to cover the injuries resulting from his May 9, 1998, car accident. Cruz hired his own attorney to bring the lawsuit, and recovered $30,000 in a settlement agreement. Cruz paid one-third of this amount ($10,000) in attorney's fees.

As mandated by the Service Benefit Plan, Cruz notified Blue Cross of his settlement agreement in March 2000. Cruz and Blue Cross were unable to agree on the amount that Blue Cross should be reimbursed. Cruz believed that the Illinois common fund doctrine should be applied, and thus that Blue Cross was entitled to $3,121.47 and a pro rata reduction for out-of-pocket costs. In April 2000, Blue Cross sent Cruz a letter demanding $3,500 as its net share of the recovery. In September 2000, Blue Cross sent another letter demanding the total amount of the benefits paid to Cruz, namely, $4,682.20. To date, Blue Cross has not been reimbursed for any benefits paid to Cruz.

On October 10, 2000, Cruz and two other individuals filed a state court action against Blue Cross in the Circuit Court of Cook County, Illinois. Cruz and the other plaintiffs sought recovery against Blue Cross under both the Illinois common fund doctrine and the Illinois Consumer Fraud and Deceptive Practices Act. Blue Cross removed the action to federal court on November 1, 2001. The Northern District of Illinois then granted Cruz's motion to remand the case to state court based on lack of subject matter jurisdiction.

Cruz's suit in state court is still pending. The suit giving rise to this appeal was commenced on December 21, 2001, when Blue Cross and Blue Cross Association filed a complaint in federal court demanding reimbursement for the benefits paid to Cruz. The district court dismissed for lack of subject matter jurisdiction.

Plaintiffs contend on appeal that the district court erred in granting Cruz's motion to dismiss, claiming that subject matter jurisdiction exists because state law is preempted by FEHBA and thus federal common law controls.

## II. Analysis

We review a district court's decision as to whether subject matter jurisdiction exists *de novo* and its factual findings for clear error. *See Scott v. Trump Ind., Inc.*, 337 F.3d 939, 942 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 940 (2003).

### A. The Remand Order

Cruz first argues that the instant suit was improperly filed in the district court because it was really an appeal of the Remand Order sending Cruz's state court action (which had been removed by Blue Cross) back to state court. Such appeals are prohibited under 28 U.S.C. § 1447(d). The district court correctly rejected this argument, stating that " 'the [Remand] [O]rder doesn't conclude the issue whether the district court has jurisdiction over [Plaintiffs'] new and materially identical suit.' " *Blue Cross & Blue Shield of Ill. v. Cruz*, No. 01 C 9821, 2003 WL 22715815, at *4 (N.D. Ill. Nov. 17, 2003) (citing *Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 708-09 (7th Cir. 1999)). On its face, the complaint filed by Blue Cross and Blue Cross Association seeks to hold Cruz liable for reimbursement of benefits paid under a FEHBA contract. Although Cruz is free to assert the Illinois common fund doctrine as a partial

defense, it does not control this case, and the Remand Order does not preclude federal subject matter jurisdiction. *See Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003) (jurisdiction is determined by the well-pleaded complaint rule).

### B. Cause of Action under FEHBA

Cruz also argues that because FEHBA explicitly creates a cause of action against the United States, it forecloses federal subject matter jurisdiction over actions against any other party. FEHBA does contain a provision granting federal jurisdiction over suits against the United States. 5 U.S.C. § 8912 ("The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter."). Contrary to Cruz's assertion, however, FEHBA's jurisdictional provision for suits against the United States is not automatically a bar to federal jurisdiction over actions brought against other parties. *See Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 330 (7th Cir. 2003) ("[T]he limitation [of the jurisdictional provision of the Labor Management Relations Act] is more aptly described not in terms of parties but in terms of the purpose of a lawsuit.") (citations omitted), *cert. denied*, 540 U.S. 826 (2004).

Under Cruz's theory, the federal courts would never have subject matter jurisdiction over any suits against a private party, including those brought by enrollees against carriers. This position has been rejected by other courts. *See, e.g., Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 397-99 (9th Cir. 2002) (holding that the district court had jurisdiction over enrollee's claim against carrier because FEHBA preempted state law claim), *amended by* 319 F.3d 1078 (9th Cir. 2003); *McCoy v. Unicare Life &*

*Health Ins. Co.*, No. 04 C 1126, 2004 WL 2358277, at *4-5 (N.D. Ill. Oct. 18, 2004) (denying motion to remand malpractice suit brought by enrollee against carrier to state court because FEHBA completely preempted claim). Cruz cites several FEHBA cases brought against private party defendants that were dismissed because they did not name the United States as defendant, but his reliance is misplaced. In the most recent case cited by Cruz, *Botsford*, the Ninth Circuit actually held that the district court had jurisdiction over the case. *See* 314 F.3d at 398-99. The court's position that the case should be dismissed by the district court on remand is consistent with the interpretation that § 8912 requires an enrollee suing *for benefits* to sue OPM or the United States and not the individual carrier. *See id.* at 398. Other cases cited by Cruz[1] pre-date the 1998 Amendment to FEHBA, which broadened its preemption provision and is discussed below.

### C. FEHBA's Preemption Provision

Section 1331 of 28 U.S.C. confers federal question subject matter jurisdiction on cases that arise "under the Constitution, laws, or treaties of the United States." Even if a federal statute does not explicitly create a cause of action, a claim may arise under federal law if the statute completely preempts state law in a particular area. *See* U.S. Const. art. VI, cl. 2; *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-64 (1987) (holding that employee's state law claims were preempted by ERISA and were therefore federal causes of action).

---

[1] *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306 (3d Cir. 1994); *Mooney v. Blue Cross of W. Pa.*, 678 F. Supp. 565 (W.D. Pa. 1988). *But see Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307 (M.D. Fla. 2000).

We start our preemption analysis with the presumption that Congress does not intend to supplant state law. *See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995). As noted by the Supreme Court, Congress must have shown that its "clear and manifest purpose" was to preempt state law in order to support a finding of federal jurisdiction over fields such as health insurance contracts that are traditionally regulated by the states. *Id.* at 655 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

The starting point in assessing Congress's intent is the text of the statute in question. *See, e.g., Time Warner Cable v. Doyle*, 66 F.3d 867, 875 (7th Cir. 1995). FEHBA does have an explicit preemption provision. The language of the preemption provision is as follows:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1) (2000).

In this case, Blue Cross and Blue Cross Association have filed a complaint demanding reimbursement for benefits paid pursuant to the Statement of Benefits, part of the FEHBA-authorized Service Benefit Plan contract. The FEHBA preemption provision dictates that the contract terms trump state law when they relate to the nature, provision, or extent of coverage or benefits including payments with respect to benefits. Whether there is federal subject matter jurisdiction, then, depends on whether the reimbursement provision of the Statement of Benefits "relates to" the nature, provision, or extent of coverage or benefits.

The Supreme Court interpreted the words "relate to" in the context of the ERISA preemption provision in *Travelers*.

514 U.S. 645 (1995). As the Court pointed out, if "relate to" were taken to its furthest literal interpretation, there would be no limit to the preemption provision. *Id.* at 655-56. "Pre-emption would never run its course, for [r]eally, universally, relations stop nowhere[.]" *Id.* at 655 (internal quotes and citation omitted). An enrollee's reimbursement obligation after recovery from a third party affects the amount of net benefits received from the carrier, so it certainly satisfies the literal definition of being "related to" the extent of coverage or benefits. We therefore must examine the purpose of the preemption provision and of the entire Act to determine whether subrogation rules are within the scope of state law that Congress meant to preempt with FEHBA-created contract terms. *See id.* at 656.

As originally enacted in 1978, § 8902(m)(1) only required federal preemption of state or local laws "to the extent that such law[s] or regulation[s] [were] inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1) (1994). Congress broadened the preemption provision in 1998, intending to expand federal jurisdiction over FEHBA claims even when state law does not conflict with FEHBA contract provisions. The broadening of the preemption provision was meant to "strengthen the ability of national plans to offer *uniform benefits and rates* to enrollees regardless of where they may live." H.R. Rep. No. 105-374, at 9 (1998) (emphasis added). Congress also wanted to "strengthen the case for trying FEHBA program claims disputes in Federal courts rather than State courts." *Id.* Uniform administration and cost-savings were major goals of Congress in initially enacting FEHBA as well. H.R. Rep. No. 86-957, at 1 (1959).

If FEHBA contract provisions do not preempt state law regarding subrogation, the practical effect is that federal employees in different states paying the same premiums would not be required to repay benefits after recovery from third parties according to the same rules. Federal employees in different states would have different reimbursement

obligations and hence different net benefits. This is contrary to the uniformity goal of FEHBA in general and its preemption provision in particular. The cost-savings goal of Congress would also be thwarted, because reimbursements from enrollees end up in the federal fund used to pay FEHBA plan premiums. Reimbursements ultimately keep costs down for both the government and enrollees.

Because Congress's clear intent was to make benefits uniform for FEHBA plan enrollees of different states, state law regarding subrogation is preempted by the reimbursement provision in the Service Benefit Plan. We note that the same result has been reached by this court and others when confronted by the subrogation question in the ERISA context. *See Admin. Comm. of the Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco*, 338 F.3d 680, 687-89, 691 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 2904 (2004); *Arana v. Ochsner Health Plan, Inc.*, 338 F.3d 433, 437-40 (5th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 1104 (2004). While ERISA and FEHBA are obviously different statutes, if Congress intended to preempt state law when regulating private employers, it would be strange to leave regulation to the individual states when the employer is the United States itself.[2]

The district court and the parties addressed the question of whether federal common law should be applied in this case under the *Boyle* test. *Boyle* states that federal common

---

[2] We disagree with the district court's view that "FEHBA's preemption provision is much more narrow [than ERISA's]." *Cruz*, 2003 WL 22715815, at *6. As noted by the Ninth Circuit, "[t]he new provision closely resembles ERISA's express preemption provision, and precedent interpreting the ERISA provision thus provides authority for cases involving the FEHBA provision." *Botsford*, 314 F.3d at 393-94; *see also Corporate Health Ins., Inc. v. Tex. Dep't of Ins.*, 215 F.3d 526, 539 (5th Cir. 2000), *vacated on other grounds*, 536 U.S. 935 (2002).

law should be created if "uniquely federal interests" are involved and if state law "significantly conflicts" with federal policy or objectives. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1987). We believe that this case satisfies the *Boyle* test: the impact of reimbursement on the federal treasury creates a significantly federal interest, *see, e.g., Caudill v. Blue Cross & Blue Shield of N.C., Inc.*, 999 F.2d 74, 78 (4th Cir. 1993), and, as discussed above, the federal policy of uniform healthcare benefits for FEHBA plan enrollees is in conflict with state law. Because we hold that the FEHBA-created contract provision preempts state subrogation law, however, the *Boyle* analysis is unnecessary. We are not required to imply a "new" cause of action under FEHBA, but simply to "fill in [FEHBA's] interstices with federal common law." *See UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers*, 998 F.2d 509, 512 (7th Cir. 1993). With no explicit statutory cause of action on which to rely and with state law preempted, Congress's clear intent to have uniform subrogation rules per the terms of the FEHBA-created contract require "a judicially-crafted cause of action." *Id.* at 512-13.

### D.  The Colorado River *Doctrine*

Finally, we do not believe that the district court could properly accept Cruz's invitation to abstain from exercising jurisdiction in favor of the state court suit under the *Colorado River* doctrine. In *Colorado River*, the Supreme Court held that a federal court may dismiss a suit in exceptional circumstances where there is a concurrent state proceeding. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). The Court set out ten factors to be considered in deciding whether a federal action should be dismissed in favor of a parallel state action:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3)

> the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (citation omitted).

Of these ten factors, "[p]articular weight must be given to the presence of a federal question in the case[.]" *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997). We have already determined that the FEHBA contract provision preempts state law with respect to subrogation, so a federal question does exist in this case. The rest of the *Colorado River* factors also weigh in favor of exercising jurisdiction.

The state court has not assumed jurisdiction over any property, and the federal court in the Northern District of Illinois cannot be more inconvenient for the parties than the state forum (Circuit Court of Cook County). Abstention would not necessarily lead to "piecemeal litigation," because the issue in the state court suit brought by Cruz is whether he is entitled to keep some of the benefits paid to him to offset his attorney's fees, not whether he must reimburse Blue Cross based on the subrogation clause in the Service Benefit Plan. Because there are no compulsory counterclaims in Illinois, *see Wilson v. M.G. Gulo & Assocs., Inc.*, 691 N.E.2d 875, 877-78 (Ill. App. Ct. 1998), Blue Cross's claim for the principal amount of reimbursement would not necessarily be resolved in Cruz's state court suit.

The order in which jurisdiction was obtained and the relative progress of the state and federal proceedings might initially seem to favor abstention. Cruz filed his state court

action more than a year prior to the commencement of this action. As Blue Cross and Blue Cross Association point out, however, the state court suit is essentially a defense to their claim for reimbursement. We agree that it would be more logical for Cruz to raise his offset claim in response to Blue Cross's and Blue Cross Association's suit for reimbursement as a partial defense. Also, the state suit has been stayed at its preliminary stages, so its progress is not so great as to merit abstention.

The state court action will not adequately protect Blue Cross's and Blue Cross Association's interests, in part because Cruz's state court action seeks to declare illegal the Service Benefit Plan terms regarding subrogation that OPM promulgated. OPM would be unable to participate as a party in a state court suit under 5 U.S.C. § 8912. Resolving the case in federal court would eliminate this potential problem because it would allow OPM to participate in the event that Cruz raises the legality of the contract subrogation provision.

In sum, the *Colorado River* doctrine is to be invoked only in exceptional cases, and this is not such a case. *Sverdrup*, 125 F.3d at 549-50 ("This circuit has recognized consistently that the primary duty of the district court is to exercise the jurisdiction vested in it by law; 'the presumption is against abstention.'") (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 430 (7th Cir. 1993)).

### III. Conclusion

With FEHBA, Congress intended to create cost-efficient and uniform health insurance benefits for employees of the United States and their dependents throughout the country. The Act's express preemption provision dictates that the terms of contracts created under FEHBA preempt state law when such terms are related to benefits and coverage. Congress intended for terms related to subrogation to be included in this realm. Thus, the FEHBA-created contract

provision in the Statement of Benefits preempts state law with respect to reimbursement for benefits paid to Cruz. The district court has federal question subject matter jurisdiction over this case under 28 U.S.C. § 1331. Accordingly, we REVERSE the district court's finding to the contrary and REMAND for further proceedings consistent with this opinion.

A true Copy:

      Teste:

                                  _____
                                  *Clerk of the United States Court of*
                                      *Appeals for the Seventh Circuit*