2022 IL App (2d) 210376
No. 2-21-0376
Order filed September 20, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MICHAEL K. NUTTER, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-L-548 |
| | ) | |
| SCHILLER, DuCANTO & FLECK, LLP and | ) | |
| GREGORY C. MAKSIMUK, | ) | Honorable |
| | ) | James R. Murphy, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because the record on appeal is insufficient, we presume that the trial court's order dismissing plaintiff's legal malpractice action as barred by *res judicata* had a sufficient legal and factual basis.

¶ 2    Plaintiff, Michael K. Nutter, appeals from the dismissal of his action against defendants, Schiller, DuCanto & Fleck, LLP (SDF) and Gregory C. Maksimuk (who worked for SDF), for legal malpractice in their representation of him in a dissolution of marriage proceeding. We agree with the trial court that its judgment granting defendant's petition for fees and costs incurred in the dissolution action barred, under *res judicata*, plaintiff's malpractice action. Thus, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2017, plaintiff hired defendants to represent him in a dissolution of marriage proceeding. The dissolution proceeding was finalized in February 2019. The order dissolving the marriage provided that each party was responsible for their attorney fees. Plaintiff appealed, represented by SDF, and did not challenge the fee provision. In June 2020, this court affirmed the dissolution of the parties' marriage. See *In re Marriage of Nutter*, 2020 IL App (2d) 190480-U.

¶ 5      Approximately one month later, defendants moved to withdraw. The trial court granted that motion, and Timothy E. Weiler appeared as plaintiff's new attorney.

¶ 6      On August 28, 2020, defendants filed a petition to set the final fees and costs they incurred in representing plaintiff in the dissolution case. Defendants sought $92,198.84 in fees and costs. Plaintiff, a partner at a large law firm, received notice of the petition at the beginning of September 2020. On September 21, 2020, the trial court set the fee petition for a hearing on November 16, 2020, at 1:30 p.m.

¶ 7      Sometime around October 2020, plaintiff hired The Gooch Law Firm (Gooch) to represent him in a legal malpractice action he wanted to bring against defendants. On October 28, 2020— 19 days before the scheduled hearing on the fee petition—Gooch entered a limited appearance in the dissolution case and filed a motion to continue the hearing on the fee petition. Gooch asserted that he was recently retained, needed time to prepare for the fee hearing, and had other cases to attend to. Gooch asked that a hearing on his motion to continue be held at 9 a.m. on November 16, 2020, 4½ hours before the scheduled hearing on the fee petition.

¶ 8      On November 10, 2020, defendants responded, claiming that Gooch's motion to continue was filed not in good faith but as a delay tactic. On that same date, which was only six days before the date set for a hearing on the fee petition, Gooch filed on plaintiff's behalf a legal malpractice

complaint. The complaint alleged that defendants (1) mishandled the issue of maintenance; (2) failed to secure as plaintiff's nonmarital property a sizeable savings account; (3) did not draft a stipulation that one of plaintiff's partnership accounts had no present value, as its value would not be assessed until plaintiff retired; (4) failed to properly apportion incomes taxes due from the marital estate; and (5) erred in not obtaining an expert to testify about plaintiff's salary structure. The complaint also requested a jury trial.

¶ 9    Thereafter, Gooch replied to defendants' response to the motion to continue, attaching the legal malpractice complaint to the reply. He stated that he would move to consolidate the fee petition and the legal malpractice case once the legal malpractice complaint was served on defendants. He asserted that "[u]nder [Illinois Supreme Court] Rule 232(b) [(eff. Jan. 1, 1967)] the Fee Petition and the legal malpractice issues should be determined together." He explained that "[i]n this case the matters are not severable due to the common issues of fact as to the case." He noted that, because plaintiff was entitled to a jury trial for his legal malpractice action but not entitled to one in the marriage dissolution case, "before anything, there must be a determination on the Motion to Consolidate to figure out which Court will be hearing the matters." Plaintiff filed no response to the fee petition.

¶ 10    On the morning of November 16, 2020, the trial court denied the motion to continue. No transcript (or acceptable substitute) from that hearing was filed in this court. See Ill. S. Ct. Rule 323(c) (eff. July 1, 2017). That afternoon, the trial court held a hearing on defendants' fee petition. The court's written order provided that, after "hearing evidence and arguments from both parties," the court was awarding defendants $92,198.84—the entire amount of fees and costs they sought. The court found that the rates SDF charged were reasonable and appropriate and that the fees and costs incurred were reasonable and necessary. No transcript (or acceptable substitute) from the

fee hearing was filed in this court. See *id.* Plaintiff never appealed the denial of the motion to continue or the order awarding defendants' fees and costs.

¶ 11    On December 18, 2020, defendants moved to dismiss plaintiff's legal malpractice complaint. They alleged that *res judicata* barred plaintiff from bringing the action because (1) the legal malpractice case and the fee petition concerned the same parties, (2) the order awarding defendants fees and costs was final, and (3) the fee petition and malpractice action involved the same legal services. See 735 ILCS 5/2-619 (West 2020). In response, plaintiff asserted that *res judicata* did not bar his legal-malpractice action because he had a right to a jury trial in the legal-malpractice action and no such right in the marriage dissolution proceedings. Thus, application of *res judicata* would deprive him of his right to a jury trial.

¶ 12    Although the trial court held a hearing on the motion to dismiss, no transcript (or acceptable substitute) from that hearing was filed in this court. See Ill. S. Ct. Rule 323(c) (eff. July 1, 2017). Following that hearing, the trial court granted defendants' motion to dismiss. In doing so, the court noted in its written order that "plaintiff recognized that the two competing claims could be consolidated and tried together, and even acknowledged that the court could try both cases together or bifurcated with plaintiff's claim of legal malpractice tried to a jury and defendant's petition for Section 508 fees tried in simultaneous or sequential bench trial." The court continued that "[t]he divorce court judge had set a longer briefing schedule on the petition for fees, and yet there was no response filed by the plaintiff, only the last minute filing of the legal malpractice law case." The court observed that plaintiff essentially sat on his hands, "pinning all hopes on the motion for continuance based on the recent filing of this [legal malpractice] case filed in the 'Law' division of the court." This timely appeal followed.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, plaintiff argues that the trial court erred in granting defendants' motion to dismiss his legal malpractice action. Defendants respond that the dismissal was proper under *res judicata* principles, while also arguing that plaintiff invited the error of which he now complains and that he is collaterally estopped from attacking the fee award via his legal malpractice action.

¶ 15    Defendants moved to dismiss plaintiff's legal malpractice complaint under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). Section 2-619(a)(3) permits the dismissal of an action that is barred by *res judicata*. See *Tebbens v. Levin Conde*, 2018 IL App (1st) 170777, ¶ 20. We review *de novo* the dismissal of an action barred by *res judicata*. *Miller v. Lawrence*, 2016 IL App (1st) 142051, ¶ 20.

¶ 16    The doctrine of *res judicata* bars not only matters that were raised in a prior proceeding but also those matters that could have been raised but were not. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). For *res judicata* to apply, there must be (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) the same parties or their privies involved in both actions. *Id.*

¶ 17    Plaintiff does not deny that the parties involved in the fee action and the legal malpractice action are the same. Rather, plaintiff argues that there was neither a final judgment nor identity of cause of action between the two cases.

¶ 18    First, regarding whether there was a final judgment, plaintiff contends that "although the Divorce Court entered a judgment on the attorneys' fees, there was no final judgment entered as to [defendants'] malpractice during their representation of [plaintiff] in the divorce." Plaintiff continues that "[t]he Fee Petition judgment only discussed a payment of fees and did not discuss any malpractice issues." We disagree with plaintiff.

¶ 19    A final judgment must be entered in the prior action.  See *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9 (bar of *res judicata* extends "to those matters that could have been decided in the *prior action*") (emphasis added.).  The prior action here was the fee petition.  A final judgment awarding fees and costs to defendants was entered on the fee petition.  See *Berger v. Matthews*, 216 Ill. App. 3d 942, 944 (1991) (trial court order became final when the court resolved petition for attorney fees).  A prior judgment has a *res judicata* effect as to any issues actually raised or issues that could have been raised.  See *Wilson*, 2012 IL 112898, ¶ 9  Because issues concerning legal malpractice *could have been raised*, whether legal malpractice was *actually raised* during the fee petition proceedings is irrelevant.  *Id.*; see *Bennett v. Gordon*, 282 Ill. App. 3d 378, 383 (1996) (fee action and legal-malpractice action had overlapping issues).

¶ 20    Second, while the record on appeal allows us to conclude that a final judgment was entered on defendants' fee petition, the record is insufficient to determine whether there is an identity of cause of action in the two cases.  As indicated, the record before us does not contain a transcript (or acceptable substitute) from either the hearing on the fee petition or the hearing on the motion to dismiss plaintiff's legal malpractice action.  See Ill. S. Ct. Rule 323(c) (eff. July 1, 2017).  Thus, we do not know what evidence was presented at either hearing.  This is fatal to plaintiff's appeal.

¶ 21    Plaintiff, as appellant, bears the burden of presenting a sufficiently complete record of the proceedings to support his claim of error.  *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984); *Short v. Pye*, 2018 IL App (2d) 160405, ¶ 48.  "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis."  *Foutch*, 99 Ill. 2d at 392.  Here, we do not know what, if any, evidence was presented at the fee-petition or motion-to-dismiss hearings or what arguments were made. To the extent that the parties conceded at oral argument that issues of legal malpractice were not addressed

at the fee petition hearing, we determine that we are not bound by such a concession, especially given that defendants raise the issue of an incomplete record in their brief and the record we do have does not guide us in any way. See *People v. Jackson*, 162 Ill. App. 3d 476, 479 (1987) ("[W]e do not consider ourselves bound by [the parties'] concession because the record is unclear and [the concession] is directly at odds with the position taken by the [State] in the trial court."). Accordingly, we must presume that whatever evidence was presented at those hearings was sufficient to sustain the court's judgment.

¶ 22    Helpful on this point is *Tebbens*. There, the trial court dismissed the plaintiff's legal malpractice complaint as barred, under *res judicata*, by the court's prior order granting the defendants' fee petition. *Tebbens*, 2018 IL App (1st) 170777, ¶ 14. On appeal, the plaintiff claimed that *res judicata* did not apply because the finality element was unmet due to pending motions. *Id.* ¶ 31. In considering that issue, the appellate court noted that "[the plaintiff] fail[ed] to include documentation regarding these pending motions," as neither the trial court's written order on the fee petition nor the appellate court's prior unpublished order in the case indicated what matters, if any, were still pending. *Id.* Although the appellate court ultimately concluded, based on the record before it, that the motions the plaintiff claimed were still pending were resolved "long before the trial court dismissed [the plaintiff's] malpractice case," it noted that the plaintiff bore the burden of presenting a sufficiently complete record and that any doubts arising from the incomplete record had to be resolved against him. *Id.* This was true even though the defendant— the party moving to dismiss the legal-malpractice case as barred by *res judicata*—had the burden of establishing a *prima facie* case of *res judicata*. *Id.* ¶¶ 31, 41.

¶ 23    Here, unlike in *Tebbens*, the record before us is insufficient to determine whether there was an identity of cause of action. Thus, unlike in *Tebbens*, we must presume that the trial court's

order granting defendants' motion to dismiss was proper and supported by a sufficient factual basis. Like in *Tebbens*, we reach this conclusion even though defendants bore the burden of establishing a *prima facie* case of *res judicata*.

¶ 24    In reaching our conclusion, we mention that it seems more than likely that issues of defendants' malpractice were presented at the hearing on the fee petition. Plaintiff attached the legal-malpractice complaint to a response filed before the hearing on the fee petition.

¶ 25    That said, even this incomplete record suggests that *res judicata* bars plaintiff's legal-malpractice action. Relying on *Wilson v. M.G. Gulo & Associates, Inc.*, 294 Ill. App. 3d 897 (1998), plaintiff argues that, because he "did not file an answer nor assert any affirmative defenses to the Fee Petition that would have voluntarily introduced the same facts and evidence of malpractice into the Fee Petition hearing," *res judicata* does not bar his legal-malpractice action. *Wilson* does not support plaintiff's position.

¶ 26    In *Wilson*, the plaintiff hired the defendants to represent her in dissolving her marriage to her husband. *Id.* at 899. When the plaintiff failed to pay the defendants, the defendants filed a fee petition. *Id.* The plaintiff neither answered the fee petition nor raised any affirmative defense in response to the petition. *Id.* At the hearing on the petition, she contested only the number of hours for which the defendants billed her. *Id.* At a hearing, the plaintiff attempted to introduce evidence that the defendants failed to competently assess the value of her husband's pension. *Id.* The defendants objected, and the trial court sustained the objection, reminding the plaintiff that she contested only the defendants' hourly rate. *Id.* The trial court awarded the defendants fees for the hours they worked. *Id.* at 900. More than a year later, the plaintiff filed a legal-malpractice action against the defendants. *Id.* The defendants moved for summary judgment, arguing that *res judicata* barred the legal-malpractice action, and the trial court granted the motion. *Id.*

¶ 27    On appeal, the appellate court determined that *res judicata* did not bar the plaintiff's legal-malpractice case. *Id.* at 901. The court noted that although legal malpractice was perhaps ambiguously referenced during the fee petition hearing when the plaintiff attempted to introduce evidence that the defendants failed to competently assess her husband's pension, legal malpractice could not have been fully litigated, as the plaintiff did not challenge the defendants' hourly rate, answer the fee petition, file a counterclaim, or assert any defense. *Id.* at 901-02. "Because [the hourly rate] was uncontested[,] the trial court expressly excluded any evidence relating to the defendants' competency." *Id.* at 901. Given that, "the defendants' argument that [the plaintiff] could have raised the negligence claim in the fee petition fail[ed]." *Id.*

¶ 28    Here, not only is the record insufficient, but *Wilson* supports the conclusion that dismissal was proper. Unlike in *Wilson*, plaintiff asserted in the trial court that issues raised in the fee petition concerned the same issues raised in the legal-malpractice case. Plaintiff not only wished to consolidate the two cases, noting that the cases were "not severable" given the "common issues of fact," but he attached to his pleadings the legal-malpractice complaint. Thus, unlike the plaintiff in *Wilson*, plaintiff "voluntarily introduced [at the fee petition proceedings] the same facts and evidence necessary to sustain [the legal-malpractice] cause of action." *Id.* (citing *Bennett*, 282 Ill. App. 3d at 380).

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 31    Affirm.